

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-7-2003

# Markowski v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket 02-2953

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Markowski v. Atty Gen USA" (2003). *2003 Decisions.* Paper 569.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/569

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 02-2953
_____

ANDRZEJ MARKOWSKI,

Petitioner

v.

JOHN ASHCROFT,
Attorney General of the United States,

Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(BIA No. A73-479-932)

_____

Argued April 8, 2003
Before:  BECKER**, Chief Judge, BARRY, and BRIGHT*, <u>Circuit Judges</u>.

(Filed: May 7, 2003)

JEFFREY A. FEINBLOOM, ESQUIRE (ARGUED)
Feinbloom Bertisch LLP
350 Fifth Avenue, Suite 6101
New York, NY 10118

    Attorney for Petitioner

_____

    *Honorable Myron H. Bright, Senior Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

    ** Judge Becker completed his term as Chief Judge on May 4, 2003.

ALISON M. IGOE, ESQUIRE (ARGUED)
ROBERT D. McCALLUM, JR., ESQUIRE
WILLIAM C. MINICK, ESQUIRE
MARGARET J. PERRY, ESQUIRE
United States Department of Justice
Office of Immigration Litigation
P.O. Box 878
Ben Franklin Station
Washington, D.C. 20044

      Attorneys for Respondent

_____

OPINION OF THE COURT
_____

PER CURIAM.

Andrzej Markowski, a Polish citizen, petitions this court for review of a Board of Immigration Appeals ("BIA") order finding Markowski removable as charged, denying his application for adjustment of status, and ordering him removed from the United States. Markowski argues that removal proceedings should be equitably estopped based on affirmative misconduct by Immigration and Naturalization Service ("INS") officials. We recognize the unfortunate and regrettable situation of the appellant, but we are obliged to deny the petition for review of the BIA's order.

## I.    BACKGROUND

Markowski is a Polish citizen who entered the United States on December 9, 1989, as a nonimmigrant visitor with permission to remain lawfully until May 8, 1990. Markowski failed to depart on or before that date. In 1994, the INS notified him that he

had been selected to apply for an immigrant visa based on his application to the 1995 Diversity Visa program ("DV-95"). On December 19, 1994, Markowski filed for adjustment of status based on his DV-95 selection. The INS interviewed Markowski on September 19, 1995, but by that date there were no more available visas under DV-95.

On December 18, 1996, the INS attempted to notify Markowski by letter that he was eligible for adjustment of status under section 637 of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. 104-208, and the INS had scheduled an interview for January 7, 1997. The notification letter was returned to the INS in an envelope marked, "Return to Sender - No such street." Although Markowski's actual mailing address was the only address on file with the INS, the INS made no effort to verify his address, resend the notification letter or otherwise contact Markowski.

On July 29, 1997, Markowski filed a second application for adjustment of status based on IIRIRA § 637. Under that statutory provision, visa numbers for DV-95 winners were available from the fiscal 1997 program. Markowski's application was filed prior to the expiration of DV-97, but the INS did not schedule an interview with Markowski until the available visa numbers had expired. On February 9, 1998, the INS notified Markowski that the fiscal 1997 diversity lottery program ended on September 30, 1997, and consequently, Markowski was no longer eligible to adjust his status by receiving a visa.

On March 5, 1999, the INS served Markowski with a Notice to Appear, charging him with being removable from the United States for overstaying his visa. The Immigration Judge ("IJ") rejected Markowski's argument that the INS's denial of his adjustment application was the result of malfeasance. The IJ ruled that because there were no longer visa numbers available she could not grant Markowski's application for adjustment of status. The IJ found Markowski removable as charged and granted him voluntary departure.

Markowski appealed to the BIA and requested that the BIA apply the doctrine of equitable estoppel to order the INS to adjust his status. The BIA determined that it had no authority to apply the doctrine of equitable estoppel and it dismissed Markowski's appeal. Markowski now appeals and asks this court to apply equitable estoppel.

## II.    DISCUSSION

We have recognized that estoppel is an equitable doctrine applied in order to avoid injustice. Fredericks v. Commissioner of Internal Revenue, 126 F.3d 433, 438 (3d Cir. 1997). A party seeking estoppel against the government bears the burden of showing that a government official engaged in affirmative misconduct. Id. This circuit has considered, but not applied equitable estoppel in the immigration context. See Yang v. INS, 574 F.2d 171, 175 (3d Cir. 1978) (remanding immigration appeal to BIA for reconsideration of new policies in lieu of appellate court applying estoppel principles). Other courts, however, have applied the doctrine explicitly. See, e.g. Socop-Gonzalez v.

INS, 208 F.3d 838, 842 (9th Cir. 2000) (applying equitable estoppel against the government where it engages in affirmative misconduct beyond mere negligence).

While Markowski has certainly demonstrated that INS officials were negligent in their handling of his applications, he has not provided evidence of affirmative misconduct. There is no question that the INS failed to process his initial adjustment of status application in a timely fashion, and failed to notify him of his eligibility for adjustment of status despite having his correct address on file throughout this matter. However, none of this conduct is sufficient to trigger equitable estoppel.

Even if we were inclined to apply equitable estoppel in this matter, the problem of fashioning an appropriate remedy would remain. As the BIA recognized, Markowski was selected under a diversity visa program whereby an applicant must qualify for adjustment of status during a specified fiscal year. The visas under DV-95 and IIRIRA § 637 are no longer available. We have no authority to order the INS to grant Markowski a non-existent visa. This fact has been recognized by other courts. See e.g., Iddir v. INS, 301 F.3d 492, 501 (7th Cir. 2002) (dismissing mandamus action brought by diversity visa applicants because the statutory deadline set by Congress deprives the INS of authority to award the relief sought). Indeed, the Eleventh Circuit has recently reversed a district court's invocation of its mandamus jurisdiction to order the INS to process certain visa applications as though fiscal year 1998 had not ended. Nyaga v. Ashcroft, 323 F.3d 906 (11th Cir. 2003). The court concluded that the applicant's case was moot as of midnight

on September 30, 1998 pursuant to explicit statutory language.  <u>Id.</u> at 908-09 (citing 8

U.S.C. § 1154(a)(1)(I)(ii)(II)).  In light of this provision, the district court could no longer

provide meaningful relief and the INS's failure to process the visa application did not

extend the "statutorily-limited period of eligibility for a diversity visa."  <u>Id.</u> at 914.

For these reasons, we are compelled to DENY the petition for review of the BIA's

order.  In doing so, we suggest that personnel supervising and handling immigration

matters take greater care in processing visa applications and other matters so that similar

unfortunate situations such as this do not arise.